UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARL R. SEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-215 |
| | ) | (VARLAN/SHIRLEY) |
| TIMOTHY HUTCHISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant Timothy Hutchison's Motion to Dismiss Primary Election Contest [Doc. 9], defendant Knox County Election Commission's Motion to Dismiss [Doc. 14], and ten (10) motions filed by plaintiff Carl Seider [Docs. 37, 39, 40, 41, 42, 43, 45, 55, 56, 57], including plaintiff's Motion for Mandatory Injunction and/or Mandamus to the Knox County Election Commission to Immediately Hold Elections for Knox County Sheriff [Doc. 37]. The Court has carefully reviewed the pending motions, the numerous briefs filed in support of and response to those motions, as well as the arguments of counsel on Monday, January 29, 2007 as to certain of the motions. For the reasons set forth herein, the Court has determined that it should abstain from ruling in this case. Accordingly, plaintiff's claims will dismissed.

**I.     Relevant Facts**[1]

This case involves various claims asserted by plaintiff Carl Seider, a candidate for the Republican Nomination for Knox County Sheriff, as a result of the May 2, 2006 Knox County and School Board Primary Election (the "primary election"). In the election for Republican nominee for Knox County Sheriff that was a part of the primary election, defendant Timothy Hutchison received the most votes for that position and was accordingly certified as the winner. Plaintiff subsequently filed this lawsuit in Chancery Court for Knox County, Tennessee, claiming that defendant Hutchison should have been disqualified from the election on the basis of the term limits provision of the Knox County Charter.[2] The constitutionality of that provision of the Knox County Charter was in dispute, having been deemed unconstitutional by the Chancery Court for Knox County in its June 9, 2006 decision in *Diane Jordan, et al. v. Knox County, Tennessee, et al,* No. 16799-1. At the time of the filing of the pending motions to dismiss, *Jordan* was pending adjudication in the Tennessee Supreme Court. That case was ultimately decided through an opinion issued on January 12, 2007, in which the court determined that the term limits provision of the Knox County Charter was constitutional. — S.W. 3d —, 2007 WL 92351 at *30 (Tenn. Jan. 12, 2007). As a result, the Knox County Commission has scheduled a special meeting for Wednesday, January 31, 2007, at which the Commission will vote to select appointees for the term-limited

---

[1] Due to the Court's desire to issue an opinion in this case as expeditiously as possible, the Court will recount the well-known facts of this case in brief fashion.

[2] Defendant Michael Moyers removed the case to this Court on June 8, 2006. [Doc. 1.]

2

offices of sheriff, county clerk, trustee, register of deeds, and eight commission seats. [Doc. 50, Att. 3-5.]

Plaintiff requests that the Court determine that the primary election of defendant Hutchison be declared void and, because the office of Knox County Sheriff would then be vacant, that the Court issue an injunction requiring the Knox County Election Commission to hold a special primary election and general election for the office of sheriff of Knox County, and that the Court issue an injunction prohibiting the Knox County Commission from appointing individuals to fill the offices of sheriff, county trustee, county clerk, or register of deeds. As stated above, the Court has determined that it should abstain from ruling in this case, and plaintiff's claims will therefore be dismissed.

**II.    Analysis**

At the outset, the Court notes that, as the Supreme Court has emphasized, "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). Nonetheless, the Court finds that this case presents one of those exceptional circumstances that supports abstention under the *Burford* doctrine. Stated broadly, *Burford* abstention is meant to avoid needless conflict with the administration by a state of its own affairs. *Detroit Edison Co. v. East China Tp. School Dist. No. 3*, 378 F.2d 225, 230 (6th Cir. 1967). Under this doctrine, abstention by a federal court is appropriate if federal jurisdiction deals primarily with state law issues and will disrupt a state's efforts "to establish a coherent policy with respect to a matter of substantial public

concern." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976). Additionally, *Burford* abstention is particularly appropriate where, as here, the federal issues presented by a case are minor when considered within the larger context of the case as a whole.[3] *See, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 26 (1983) (noting that "the presence of state-law issues may weigh in favor of that surrender [of federal jurisdiction]..."); *Martin v. Creasy*, 360 U.S. 219, 224 (1959) ("Reflected among the concerns which have traditionally counseled a federal court to stay its hand are...the premature determination of constitutional questions"); *Bath Memorial Hosp. v. Maine Health Care Finance Commn.*, 853 F.2d 1007, 1012 (1st Cir. 1988) ("[a] federal court, by abstaining, may avoid the awkward circumstance of turning the federal court into a forum that will effectively decide a host of detailed state regulatory matters, to the point where the presence of the federal court...makes it significantly more difficult for the state to operate its regulatory system."). Ultimately, "[t]he key question is whether an erroneous federal decision could impair the state's efforts to implement its policy." *Ada-Cascade Watch Co. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 903 (6th Cir. 1983).

On the basis of the constitutionality of the Knox County Charter's term limits provision, plaintiff is seeking to have the Court declare the May 2, 2006 Knox County and

---

[3]As to the federal claims asserted by plaintiff, the Court notes that not only are these claims less central when compared to the numerous state law claims asserted by plaintiff in this action, but plaintiff may lack standing to assert his claims of First and Fourteenth Amendment violations. Specifically, the Court questions whether plaintiff has demonstrated that the constitutional violations he allegedly suffered do in fact injure a legally protected interest that is concrete and particularized as to him. *See, e.g.*, *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *ACLU v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004).

4

School Board Primary Election void [Doc. 1, Att. 3 at ¶ 26], to issue a writ of mandamus commanding the Knox County Election Commission to de-certify Timothy Hutchison as winner of the Republican nomination for sheriff of Knox County [*Id.* at ¶ 116], and to order that a new primary election be held [*Id.* at ¶ 135]. However, the Tennessee Supreme Court made it clear in its opinion in *Jordan* that Knox County officials impacted by the term limits provision are not to have their terms automatically ended with the filing of that court's decision. 2007 WL 92351 at *30. Instead, the court stated that "those county commissioners and state constitutional officers otherwise precluded from holding the offices to which they were recently elected may continue as de facto officers until their successors are named in accordance with law." *Id.* The court went on to note the provision of the Tennessee constitution that stipulates how such vacancies are to be filled, specifically, Article VII, section 2, which provides that "'[v]acancies in county offices shall be filled by the county legislative body, and any person so appointed shall serve until his successor is elected at the next election occurring after the vacancy is qualified.'" *Id.* at n.13.

The Court also notes the recent statements from various Tennessee state officials evidencing that the state is attempting to proceed under Tennessee law to fill the term-limited positions within the Knox County government, thereby further supporting the Court's belief that any ruling in this lawsuit would inevitably disrupt those efforts. For example, in a letter dated January 16, 2007, from Tennessee state Coordinator of Elections Brook Thompson to Knox County Administrator of Elections Greg Mackay, Mr. Thompson states that "the Knox County Election Commission...cannot conduct a special election to fill these county

vacancies. Rather, the election commission shall place these county offices on the regular August 7, 2008 ballot." [Doc. 50, Att. 2 at 1.] This communication makes it clear that the Tennessee Division of Election is actively engaged in establishing the manner through which Knox County offices will be filled in the wake of the decision in *Jordan*. Furthermore, the Court notes that a special meeting of the Knox County Commission is scheduled for Wednesday, January 31, 2007 for the purpose of selecting appointees for the term-limited offices. [Doc. 50, Att. 3-5.]

Thus, for this Court to step in and order a special election or otherwise issue an injunction when state officials have determined that, under Tennessee law, a special election cannot be held and have furthermore decided how and when the term-limited seats will be filled, would be utterly disruptive of the foregoing efforts "to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River*, 424 U.S. at 814. This is precisely the kind of case to which the *Burford* abstention has been appropriately utilized in that it presents an issue – specifically, how best to fill the vacancies created by the now term-limited offices within the Knox County government – which is more effectively addressed through the formulation and implementation of Tennessee state policies versus court interference. *See Hanna v. Toner*, 630 F.2d 442, 445 (6th Cir. 1980). Because any intervention would have an undermining effect on Tennessee's plan for replacing the term-limited Knox County officeholders, principles of federalism and comity mitigate against such avoidable federal intrusion by this Court into Tennessee's administration of state policies as they pertain to Knox County in this instance. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 332-

33 (1943). Accordingly, the Court finds that abstention on *Burford* grounds is proper, and plaintiff's claims are dismissed.

Even if abstention were not appropriate in this case, the Court notes that it would likely be precluded from ruling in this case due to lack of subject matter jurisdiction on the basis of the plain language of an applicable provision of the Tennessee Code. Tenn. Code. Ann. § 2-17-104(c) provides that "[t]he state primary board shall hear and determine the [primary election] contest and make the disposition of the contest which justice and fairness requires...." The Tennessee Supreme Court has long interpreted this provision as resulting in state chancery courts having no subject matter jurisdiction over lawsuits challenging primary elections. *Taylor v. Tennessee State Democratic Executive Committee*, 574 S.W. 2d 716, 717 (Tenn. 1978). In *Taylor*, the court went on to hold that the state primary board of a particular party has "exclusive jurisdiction to dispose of such a contest." *Id.* The Tennessee Supreme Court later commented that by requiring "that challenges to primary elections...be settled within the party structure," this provision is "[a] clear indication of the legislative intend to keep courts and the public sector out of intra-party actions, reactions and squabbles," the likes of which the Court is arguably facing this case. *State ex rel. Inman v. Brock*, 622 S.W.2d 36, 42 (Tenn. 1981).

Plaintiff originally filed this lawsuit in the Chancery Court for Knox County, [Doc. 1, Att. 1], a court that lacked subject matter jurisdiction over this matter. *Taylor*, 574 S.W.2d at 717; *State ex rel. Inman*, 622 S.W.2d at 42-43. Because plaintiff's claims are being dismissed on other grounds, the Court need not explicitly rule on whether it has subject

7

matter jurisdiction over this case that is, at its essence, a primary election contest. However, it strikes the Court that, through application of the *Erie* doctrine, this Court would likely lack subject matter jurisdiction over this case just as any chancery court in Tennessee would. *See Gauranty Trust Co. v. York*, 326 U.S. 99, 108-109 (1945); *Hanna v. Plumer*, 380 U.S. 460, 467 (1965). To determine otherwise would directly contradict the "clear, lucid, definitive [and] final" directive of the Tennessee Supreme Court in *Taylor*, as well as circumvent the intention of the Tennessee state legislature that "these disputes be settled by the party, prior to the election, [to assure] the electorate that the candidate, once fairly and honestly elected, will not be prevented from serving because of challenges to the pre-election nomination process." *State ex rel. Inman*, 622 S.W.2d at 43.

### III. Conclusion

In conclusion, the Court finds that abstention through the *Burford* doctrine is appropriate in this case, and plaintiff's claims are therefore dismissed. To the extent that defendant Hutchison's Motion to Dismiss Primary Election Contest [Doc. 9] and defendant Knox County Election Commission's Motion to Dismiss [Doc. 14] request that the Court dismiss this case on abstention grounds, those motions [Doc. 9, 14] are **GRANTED**. Accordingly, the following pending motions filed by plaintiff are **DENIED as moot**:

(1) Motion for Preliminary Injunction and/or Mandamus to the Knox County Election Commission to Immediately Hold Elections for Knox County Sheriff [Doc. 37];

(2) Motion for Leave to File an *Instanter* Responses [sic] to Defendant Hutchison's Motion to Dismiss [Doc. 39];

(3) F. R. Civ. P. 15 Motion to Amend and Supplement the Complaints [Doc. 40];

(4) Supplemental Motion for Relief Pursuant to T.C.A. § 29-35-113 and T.C.A. § 8-47-116 For Suspension of Timothy Hutchison To Create a Vacancy in the Office of Sheriff and for a Special Election [Doc. 41];

(5) Motion for Leave to File an *Instanter* Responses [sic] to Defendant Knox County Election Commission's Motion to Dismiss [Doc. 42];

(6) Motion for Court to Hear Additional Motions on January 29, 2006 [sic] [Doc. 43];

(7) Motion to Intervene [Doc. 45];

(8) F. R. Civ. P. 19 Motion for Joinder of Parties [Doc. 55];

(9) Supplemental Motion to Amend [Doc. 56]; and

(10) F. R. Civ. P. 65 Application for Preliminary Injunction to Defendant Knox County Commission to Enjoin Appointments to Forfeited or Term Limited Offices [Doc. 57].

The Clerk is ordered to enter judgment accordingly.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE