UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CARL R. SEIDER,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      No.:  3:06-CV-215
                                   )            (VARLAN/SHIRLEY)
TIMOTHY HUTCHISON, et al.,         )
                                   )
            Defendants.            )

## <u>ORDER</u>

This civil case is before the Court on plaintiff's Motion Pursuant to F. R. Civ. P. Rules
59(e) and 60(a) to Alter or Amend the Memorandum Opinion or to Correct a Mistake [Doc.
68], in which plaintiff requests that the Court amend its judgment [Doc. 67] dismissing the
claims in this case and instead  "stay [plaintiff's] federal claims and remand his state claims
back to the state court form which they were removed." [*Id.* at 1.]  In support of this motion,
plaintiff argues that the Court impermissibly dismissed this case *sua sponte* on abstention
grounds, [*Id.* at 2], and that the Court committed an "oversight or omission" in dismissing
plaintiff's state law claims, as opposed to remanding them to state court. [*Id.* at 3.]

Defendants Knox County and Knox County Election Commission have filed
responses [Docs. 69-70] in opposition to the pending motion.  Both defendants argue that the
Court did not dismiss the action *sua sponte* and note that plaintiff was fully aware, from the
briefs filed in this case as well as the arguments made at the hearing on defendants' motions
to dismiss held on January 29, 2007, that defendants were arguing that the case should be

dismissed on abstention grounds. [Doc. 69 at 2; Doc. 70 at 1-2.] Defendant Knox County Election Commission further argues that, because the Court concluded that *Burford* abstention was appropriate in this case, the Court was correct in determining that plaintiff's state law claims should be dismissed, and not stayed, through application of that strand of the abstention doctrine. [Doc. 70 at 2-3.]

First, the Court notes that, contrary to plaintiff's assertion otherwise, a court can decide *sua sponte* to abstain on *Burford* grounds and accordingly, may do so on its own motion regardless of the wishes of the parties. *See, e.g., Urbano v. Board of Managers of New Jersey State Prison*, 415 F.2d 247, 254 n. 20 (3rd Cir. 1969). As the Fourth Circuit has held, "the public policy underlying the application of the abstention doctrine is so strong that we notice its application *ex mero motu*. That abstention is not urged by a party does not mean that the point lacks merit." *AFA Distributing Co., Inc. v. Pearl Brewing Co.*, 470 F.2d 1210, 1213 (4th Cir. 1973).

Second, with regards to plaintiff's argument that the Court should "correct a mistake" in its memorandum opinion dismissing this action and remand plaintiff's state law claims back to state court, [Doc. 68 at 1, 4], the Court finds that this request is not well-taken. In choosing to abstain from ruling in an action, a district court may, in its discretion, either dismiss or remand any state law claims involved. *Carnegie-Mellon University v. Cahill*, 484 U.S. 343, 350 (1988). Here, the Court determined that it was appropriate to dismiss all claims and it is not convinced by plaintiff's hastily-filed motion that accuses the Court of

committing "oversight and omission," [Doc. 68 at 3], to alter this view. Accordingly, plaintiff's motion [Doc. 68] is hereby **DENIED**.

    IT IS SO ORDERED.


                    s/ Thomas A. Varlan
                    UNITED STATES DISTRICT JUDGE