UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARL R. SEIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:06-CV-215 |
| ) | (VARLAN/SHIRLEY) |
| TIMOTHY HUTCHISON, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Mark Goins' Motion to Dismiss. [Doc. 95.] Plaintiff Carl R. Seider ("Plaintiff Seider") has filed a brief in opposition to the motion to dismiss. [Doc. 101.] The Court has carefully reviewed the pending motion and related filings in light of the applicable law. [Docs. 95, 96, 101.] For the reasons set forth herein, the motion to dismiss will be granted.

I. **RELEVANT BACKGROUND**

In a primary election on May 2, 2006, Plaintiff Seider, a write-in candidate, lost to Defendant Timothy Hutchison ("Defendant Hutchison") for the Republican nomination for the office of sheriff of Knox County, Tennessee. [Doc. 1-2 at 2.] Plaintiff Seider contends that Defendant Hutchison, the incumbent Knox County sheriff, was ineligible to run for re-election because of term limit laws in the Knox County Charter. [*See* Doc. 1-2 at 6.]

On May 11, 2006, Plaintiff Seider filed suit in the Chancery Court for Knox County, Tennessee, against Defendant Hutchison as well as against Michael M. Moyers ("Defendant

Moyers"), Knox County Tennessee ("Defendant County"), Knox County Election Commission ("Defendant Commission"), and Brook Thompson ("Mr. Thompson"), Tennessee Coordinator of Elections. [*See* Doc. 1-2 at 41.] In his complaint, Plaintiff Seider asserted numerous causes of actions against the Defendants and sought injunctive relief and writ of mandamus in addition to claims for damages. [*See* Docs. 1-2; 1-3.]

On January 30, 2007, the Court dismissed Plaintiff Seider's action upon motion by Defendants Hutchison and Commission. [Docs. 66, 67.] Plaintiff Seider then appealed the Court's decision. [Doc. 82.] The Sixth Circuit affirmed the Court's decision as to dismissal of Plaintiff Seider's claims for injunctive relief and mandamus. However, the Sixth Circuit reversed and remanded Plaintiff Seider's case to the extent he asserted claims for damages against the various defendants. [*See* Doc. 83.]

On February 11, 2009, Mark Goins ("Mr. Goins") was named Coordinator of Elections for the State of Tennessee. [Doc. 95 at 1 n.1.] Thus, pursuant to Fed. R. Civ. P. 25(d), Mr. Goins, as Mr. Thompson's successor, "is automatically substituted as a party." To reduce any confusion due to the substitution of Mr. Goins for Mr. Thompson in his official capacity, the Court will refer to the defendant who filed the instant motion to dismiss as "Defendant Coordinator" and will refer to Mr. Thompson, individually, as needed.

## II. STANDARD OF REVIEW

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.

*Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When the motion attacks the factual basis for jurisdiction, "the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Id.* If based on a facial attack on subject-matter jurisdiction, "a district court takes the allegations in the complaint as true,

3

which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007).

## III.  ANALYSIS

### A.  Tenn. Code Ann. § 8-19-301

In his complaint, Plaintiff Seider "seeks judgment against [Defendant Coordinator] for the failure and neglect of the duties of his oath of office and on his bond and surety pursuant to T.C.A. § 8-19-301 for damages and cost for the violations of their duties and oath of office." [Doc. 1-2 at 42.]  Tenn. Code Ann. § 8-19-301 provides:

> Every official bond executed under this code is obligatory on the principal and sureties thereon:
>
> (1) For any breach of the condition during the time the officer continues in office or in the discharge of any of the duties of such office;
>
> (2) For the faithful discharge of the duties which may be required of such officer by any law passed subsequently to the execution of the bond, although no such condition is expressed therein;
>
> (3) For the use and benefit of every person who is injured, as well by any wrongful act committed under color of such officer's office as by the failure to perform, or the improper or neglectful performance, of the duties imposed by law.

Tenn. Code Ann. § 8-19-301.

Defendant Coordinator contends that Plaintiff Seider has failed to state a claim for damages under Tenn. Code Ann. § 8-19-301 because the statute is only applicable to county or state officials who must furnish an "official bond."  Because the Coordinator of Elections has no requirement to enter into an official bond upon taking office, Defendant Coordinator

4

contends that there can be no claim against a bond that does not exist. Plaintiff Seider responds that the blanket surety bond provided by Tenn. Code Ann. § 4-4-108 serves as a bond for purposes of Tenn. Code Ann. § 8-19-301. Plaintiff Seider also argues that this case should be remanded to the state court because this claim involves a question of state law.

To the extent Plaintiff Seider contends that this case should be remanded to state court, the Court first notes he has made this argument in a response opposing Defendant Coordinator's motion to dismiss. [Doc. 101.] Thus, the Court questions the adequacy of his request when Plaintiff Seider has not formally moved for such relief and, thus, has not given Defendant Coordinator a sufficient opportunity to respond to his request. However, even if the Court were to consider the merits of Plaintiff Seider's request, the Court notes that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In this case, Plaintiff Seider did not file a motion to remand under 28 U.S.C. § 1447(c) within the required 30 day period and the basis for his request is not a lack of subject matter jurisdiction. Thus, even if the Court were to consider the request in his response as a motion for remand, it would be denied for untimeliness. In his brief, Plaintiff Seider also emphasized 28 U.S.C. § 1441(e)(2) as supporting his request for remand. However, that provision only addresses remand after the district court makes a liability determination in a case involving multidistrict litigation. 28 U.S.C. § 1441(e)(2). Since no liability determination has been made in this case nor does this case involve multidistrict litigation, the Court finds 28 U.S.C. § 1441(e)(2) wholly inapplicable to this

5

case. For all of these reasons, the Court declines to remand the state law claim against Defendant Coordinator as Plaintiff Seider requests in his response brief.

Moving to the parties' substantive arguments, Plaintiff Seider asserts a claim under Tenn. Code Ann. § 8-19-301, which provides for claims made against "[e]very official bond executed under this code." Defendant Coordinator contends that he falls outside the scope of Tenn. Code Ann. § 8-19-301 because he does not have an "official bond." A review of the statute providing for the duties of the "coordinator of elections" reveals no bond requirements pursuant to Tenn. Code Ann. § 8-19-301. *See* Tenn. Code Ann. § 2-11-202. By comparison, Tennessee statute expressly requires "official bonds" under "Title 8, Chapter 19" for those such as county mayor, director of accounts and budgets, and purchasing agents. *See* Tenn. Code Ann. §§ 5-6-109, 5-13-103, 5-14-103.

Despite the lack of an express provision requiring an "official bond" for the "coordinator of elections," Plaintiff Seider contends that Tenn. Code Ann. § 4-4-108's "blanket surety bond" provision constitutes an "official bond" for purposes of a claim under Tenn. Code Ann. § 8-19-301. The "blanket surety bond" provision states that "[a] blanket surety bond shall be obtained covering all officers and employees of every department, agency, office, commission, institution, institution of higher education, and instrumentality of the executive, legislative, and judicial branches of state government." Tenn. Code Ann. § 4-4-108(a).

After reviewing the relevant law, the Court agrees with Defendant Coordinator that dismissal of this claim is proper under Fed. R. Civ. P. 12(b)(6). While Plaintiff Seider

contends that the "blanket surety bond" provided in Tenn. Code Ann. § 4-4-108 constitutes an "official bond" for purposes of Tenn. Code Ann. § 8-19-301, Tennessee statutes have distinguish "blanket surety bonds" from "official bonds." For example, one statute distinguishes between public officers "included within the provisions of the blanket surety bond required by § 4-4-108" and those "who are compelled to give official bonds." Tenn. Code Ann. § 8-19-402. Another statute, Tenn. Code Ann. § 8-19-101(a), provides that "official bonds of all state and county officers, now required by law to furnish official bonds, shall be executed by such officials as principal and may be executed by some surety company authorized to do business in the state of Tennessee, as surety." In contrast, the "blanket surety bond" provision does not mention execution "by such officials as principal." Tenn. Code Ann. § 4-4-108(b). Thus, Tenn. Code Ann. § 8-19-101, the statute that expressly addresses the execution of "official bonds," has different requirements the statute regarding "blanket surety bonds." *See* Tenn. Code Ann. § 4-4-108(b).

The distinction between an "official bond" and "blanket surety bond" is further demonstrated by Tenn. Code Ann. § 8-19-101(c). This statute addresses the execution of "official bonds" and provides that "[n]othing in this chapter or elsewhere in this code shall be construed as prohibiting the use by any county, municipality, or metropolitan government, of a blanket bond for coverage of two (2) or more of its officials." Tenn. Code Ann. § 8-19-101(c). The statute then requires a "separate rider or attachment to the blanket bond shall be prepared for each principal." *Id.* These specific requirements indicate that an "official bond" requires more than just a "blanket surety bond . . . covering all officers and employees." All

7

of these statutes undermine Plaintiff Seider's argument and demonstrate that a "blanket surety bond" is different from an "official bond" for purposes of Tenn. Code Ann. § 8-19-301.

Accordingly, the Court finds that Defendant Coordinator falls outside the scope of Tenn. Code Ann. § 8-19-301. Plaintiff Seider has failed to state a claim against Defendant Coordinator under that statute. Accordingly, the Court will grant Defendant Coordinator's motion to dismiss Plaintiff Seider's Tenn. Code Ann. § 8-19-301 claim.

**B.     Section 1983**

Plaintiff Seider also asserts a 42 U.S.C. § 1983 ("Section 1983") claim against "Brook Thompson Tennessee Coordinator of Elections Commission." [Doc. 1-2 at 42.] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To prevail on a Section 1983 claim, a plaintiff must prove (1) deprivation of a right protected by the Constitution or laws of the United States (2) by person acting under color of state law. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

As an initial matter, the Court notes that Plaintiff Seider does not specify in his complaint whether his Section 1983 claim is against Mr. Thompson in his individual or official capacity. [Doc. 1-2 at 42-43.] The Sixth Circuit has recognized that a Section 1983

8

plaintiffs "must clearly notify any defendants of their intent to seek individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001). In making this determination, the Court reviews the course of proceedings to determine whether such notice has been given and received. *Id.* The Court finds that Plaintiff Seider only sues Mr. Thompson in his official capacity. When describing the defendant for his Section 1983 claim, Plaintiff Seider repeatedly stated "Brook Thompson Tennessee Coordinator of Elections." [Doc. 1-2 at 42, 43.] The complaint's caption also states "Brook Thompson, Tennessee Coordinator of Elections." [Doc. 1-2 at 1.] Additionally, in his response brief, Plaintiff Seider did not contest the arguments in the motion to dismiss which assume that Mr. Thompson was sued in his official capacity. Accordingly, Plaintiff Seider has only sued Mr. Thompson in his official capacity. Thus, the Court will hereinafter refer to the defendant for this claim as "Defendant Coordinator."

Defendant Coordinator contends that Plaintiff Seider's Section 1983 claims for damages are barred by the Eleventh Amendment of the United States Constitution and should be dismissed. In his response brief, Plaintiff Seider did not address Defendant Coordinator's arguments regarding the Eleventh Amendment and the Section 1983 claim for money damages. [*See* Doc. 101.]

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has previously held that

9

Case 3:06-cv-00215 Document 119 Filed 08/05/09 Page 9 of 13 PageID #: 158

sovereign immunity of the states "neither derives from nor is limited by the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). Sovereign immunity extends to actions brought against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). It applies to both the states themselves and to "state instrumentalities." *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Thus, sovereign immunity also applies to government entities acting as "arm[s] of the State." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also Dixon v. Clem*, 492 F.3d 665, 673-74 (6th Cir. 2007). In *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), the Supreme Court reiterated that it has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Thus, a state could not be sued for money damages absent a waiver by the State or Congressional action. *See id.*

Because the Defendant Coordinator is sued in his official capacity for monetary relief, such action is in essence claims against the State. *Edelman*, 415 U.S. at 663; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself."); *MacDonald v. Village of Northport, Michigan*, 164 F.3d 964, 970 (6th Cir. 1999) ("A suit against a state official is barred when the action in essence seeks to recover money from the state, because 'the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity.'") (quoting *Edelman*, 415 U.S. at 663); *Turker v. Ohio Dep't of Rehab.*

*& Corrs.*, 157 F.3d 453, 456 (6th Cir. 1998) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

Notably, there are exceptions to the Eleventh Amendments general rule barring suits by citizens of a state against a state in federal court. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008). For instance, a state may consent to suit. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002). However, this exception is inapplicable because Tennessee has not waived its immunity to suit for claims under § 1983. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Another exception involves Congress expressly abrogating the state's immunity in legislation pursuant to its powers under the Fourteenth Amendment. *Barton*, 293 F.3d at 948. The Supreme Court has held that § 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Thus, this exception is also inapplicable to the Section 1983 claim against Defendant Coordinator.

Another exception "applies when a state official is sued in his official capacity for purely injunctive relief." *Brunner*, 548 F.3d at 474 (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908). In this case, all of Plaintiff Seider's claim for injunctive relief have been dismissed, leaving only a Section 1983 claim for money damages. Accordingly, this exception to the doctrine of Eleventh Amendment immunity is also inapplicable to Defendant Coordinator for purposes of the Section 1983 claim. *See Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002); *Nelson v. Miller*, 170 F.3d 641, 646-47 (6th Cir. 1999).

The Sixth Circuit has recognized that "'[w]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power,' the defense 'is not coextensive with the limitations on judicial power in Article III.'" *Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (alteration in original) (citation omitted). Thus, the Court does not believe that dismissal pursuant to Fed. R. Civ. P. 12(b)(1) would be proper based on the Eleventh Amendment. However, Defendant Coordinator has also moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against him, which permits dismissal when there is an unsurmountable bar on the face of the complaint. Accordingly, because Plaintiff Seider's claim for monetary relief against Defendant Coordinator is barred by the Eleventh Amendment, the Court will grant the motion to dismiss as to the Section 1983 claim against him.

## IV. CONCLUSION

For the reasons set forth herein, Mark Goins, Coordinator of Elections for the State of Tennessee, is hereby **SUBSTITUTED** for Defendant Brook Thompson pursuant to Fed. R. Civ. P. 25(d). Defendant Mark Goins' Motion to Dismiss [Doc. 95] is hereby **GRANTED**, whereby Plaintiff Carl R. Seider's claims against that party are **DISMISSED with prejudice**. This memorandum and order does not address the claims against Defendants Timothy Hutchison; Michael W. Moyers; Knox County, Tennessee; or Knox

12

County Election Commission. As of now, the claims against those parties remain in this action pending further action by the Court.[1]

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendant Knox County Election Commission has filed a motion to dismiss or in the alternative for judgment on the pleadings, which has been adopted by Defendant Timothy Hutchison. [Doc. 107.] The Court will address that motion in due course.

13